# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

BERLIN VANARDO BROWN,

    Plaintiff,

    v.

CCPM G. CLEMENS, et al.,

    Defendants.

CIVIL ACTION NO. 3:22-cv-01067

(SAPORITO, J.)

## ORDER

Appearing through counsel, the plaintiff, Berlin Vanardo Brown, commenced this federal civil rights action by filing his original, fee-paid complaint on July 7, 2022. Doc. 1. In that original complaint, Brown named a long list of state correctional and parole officials as defendants, seeking an award of damages for a series of events that caused him to be incarcerated beyond his original anticipated parole date, although he was released from custody before the expiration of his maximum sentence.

Brown's original complaint asserted the following claims: (a) a § 1983 Fourteenth Amendment due process claim based on the decertification of his original parole release date, which resulted in his incarceration for an additional period of 14 months after that date; (b) a § 1983 Eighth Amendment claim based on the decertification of his

original parole release date, causing him to serve an additional 14 months in prison, which he contended was cruel and unusual punishment; (c) a § 1983 Eighth Amendment claim based upon a strip search conducted by prison officials on December 15, 2020; (d) a § 1983 First Amendment retaliation claim in which he contended that his parole release date was decertified in retaliation for his filing of a PREA complaint about that strip search; and (e) a disability discrimination claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, in which he contended that his parole release date was decertified due to "Covid disability" and "military disability." For relief, the plaintiff sought an award of compensatory and punitive damages.

On September 25, 2023, we granted the defendants' motion to dismiss the original complaint. All of the claims asserted in the plaintiff's original complaint were dismissed for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Further finding that any amendment would be futile, we dismissed the plaintiff's

claims without leave to amend. Doc. 18; Doc. 19.[1]

The plaintiff filed a timely Rule 59(e) motion for reconsideration, which we denied on December 13, 2023. Doc. 24.[2]

The plaintiff then appealed the dismissal of his original complaint. On appeal, the plaintiff limited his arguments to his decertification claims—his § 1983 Fourteenth Amendment due process claim concerning parole decertification, his § 1983 Eighth Amendment cruel and unusual punishment claim concerning parole decertification, and his ADA and RA claims concerning parole decertification. *See Brown v. Clemens*, No. 23-3213, 2024 WL 4601681, at *1 (3d Cir. Oct. 29, 2024) ("Brown only appeals the claims concerning the decertification decision.").[3] With respect to our dismissal of Brown's § 1983 claims based on parole

_____

[1] *See also Brown v. Clemens*, No. 3:22-cv-01067, 2023 WL 6216717 (M.D. Pa. Sept. 25, 2023), *aff'd in part, rev'd in part*, No. 23-3213, 2024 WL 4601681 (3d Cir. Oct. 29, 2024).

[2] *See also Brown v. Clemens*, No. 3:22-cv-01067, 2023 WL 9016391 (M.D. Pa. Dec. 13, 2023).

[3] In doing so, Brown waived his § 1983 Eighth Amendment claim based on the December 2020 strip search and his § 1983 First Amendment retaliation claim. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993); *see also United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.") (citing *Kost*, 1 F.3d at 182).

decertification, arising under the Fourteenth Amendment and the Eighth Amendment, the Third Circuit affirmed our decision to dismiss these claims with prejudice. *See id.* at \*2. With respect to our dismissal of Brown's disability discrimination claims based on parole decertification, arising under the ADA and the RA, the Third Circuit agreed with our dismissal of these claims as pleaded in the original complaint, but found that dismissal *without* leave to amend on the basis that amendment would be futile was error. *See id.* ("Although Brown's initial complaint failed to state claims cognizable under the ADA and RA, it is possible that Brown could replead the specifics of his alleged disabilities to demonstrate a plausible claim. As a result, Brown should have been afforded the opportunity to amend his claims under the ADA and RA to cure the pleading deficiencies noted by the District Court.") (footnote omitted). The Third Circuit affirmed our ruling on the Fourteenth and Eighth Amendment claims, vacated our ruling with respect to the ADA and RA claims, and remanded the case with instructions to dismiss the ADA and RA claims *with* leave to amend. *See id.* at \*3.

Upon receipt of the mandate, we entered an order dismissing the plaintiff's ADA and RA claims for failure to state a claim, but with leave

- 4 -

to file an amended complaint limited to claims of disability discrimination under Title II of the ADA and Section 504 of the RA. Doc. 37.

On December 18, 2024, the plaintiff filed his amended complaint. Doc. 38. The amended complaint named the very same long list of state correctional and parole officials as defendants as had been named in the original complaint. It alleged additional details regarding the nature of the plaintiff's prior military service and service-connected disability, the nature and duration of the plaintiff's COVID symptoms, the policies and process involved in the state parole board's decision to grant him early parole, the inmate misconduct proceedings against him that later formed the purported basis of parole decertification, the policies and process involved in decertification of his parole, and inmate grievance proceedings in which the plaintiff complained about the parole decertification and about the December 2020 strip search. The amended complaint asserted the following claims: (a) in Count One, a disability discrimination claim under Title II of the ADA and Section 504 the RA, in which the plaintiff contended that decertification of parole because of his COVID infection constituted a failure to provide reasonable

accommodation with respect to his COVID-related disability; (b) in Count Two, a disability discrimination claim under Title II of the ADA and Section 504 of the RA, in which he contended that the conduct of the December 2020 strip search in a common area without utilizing available privacy booths constituted a failure to provide reasonable accommodation with respect to his military service-connected disability of PTSD involving sexual trauma; (c) in Count Three, a § 1983 First Amendment retaliation claim in which he contended that his parole release date was decertified in retaliation for his complaints about the parole decertification, which further constituted a denial of his First Amendment right of access to courts; and (d) in Count Four a § 1983 First Amendment retaliation claim in which he contended that his parole release date was decertified in retaliation for his complaints about the December 2020 strip search, which further constituted a denial of his First Amendment right of access to courts. For relief, the plaintiff sought an award of compensatory and punitive damages.

On August 21, 2025, we granted the defendants' motion to dismiss the amended complaint. Count Two of the amended complaint was dismissed as having been waived on appeal, under the law of the case

doctrine. *See* Doc. 42, at 17–19.[4] Counts Three and Four were dismissed as unauthorized amendments, because they exceeded the expressly limited scope of leave to amend granted by this court. *See id.* at 16–17.[5] The plaintiff's repleaded parole decertification claims under Title II of the ADA and Section 504 of the RA, set forth in Count One of the amended complaint, were dismissed for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6). *See id.* at 20–28.[6] Further finding that any amendment would be futile, we dismissed these claims without leave to amend. *See id.* at 29.[7]

Twenty-one days later, on September 11, 2025, the plaintiff timely filed a Rule 59(e) motion for reconsideration of our order of dismissal. Doc. 44. That motion is now fully briefed and ripe for decision. *See* Doc. 45; Doc. 46.

Typically, the scope of a Rule 59(e) motion to alter or amend final judgment "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A motion for reconsideration under Rule 59(e) is used "'to

---

[4] *See also Brown v. Clemens*, No. 3:22-cv-01067, 2025 WL 2422615, at *7 (M.D. Pa. Aug. 21, 2025).

[5] *See also Brown*, 2025 WL 2422615, at *6.

[6] *See also Brown*, 2025 WL 2422615, at *7–10.

[7] *See also Brown*, 2025 WL 242615, at *10.

correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 361 (M.D. Pa. 2015). "Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). Here, there has been no intervening change in the law, the plaintiff has proffered no new evidence, and we find no clear

error of law or fact.[8]

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's Rule

59(e) motion for reconsideration (Doc. 44) is **DENIED**.

Dated: June 11, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge

---

[8] At best, the plaintiff's motion merely attempts to relitigate issues already resolved by the court. *See Ogden*, 226 F. Supp. 2d at 606.